**WO**  NOT FOR PUBLICATION

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Sue J. Thomas, *et al.*, | No. CV-15-02147-PHX-JJT |
| Plaintiffs, | **ORDER** |
| v. | |
| Roosevelt School District No. 66, | |
| Defendant. | |

Defendant Roosevelt School District No. 66 ("the District") has moved to dismiss the Complaint in this action both for failure to state a claim upon which relief can be granted and for lack of proper service. (Doc. 9, Mot.) Plaintiffs Sue Thomas and her guardian Matthew Thomas ("the Thomases") filed a Response (Doc. 12), to which the District filed a Reply (Doc. 14). For the reasons set forth below, the Court will grant the Motion and dismiss this matter with prejudice. For related reasons also discussed below, the Court will deny the Thomases' Motion to Amend/Correct Complaint (Doc. 11) and their Motion for Extension of Time for Service (Doc. 13).

**I.     Motion to Dismiss Based on Improper Service of Summons and Complaint**

The Thomases filed their Complaint in this matter on October 26, 2015. (Doc. 1.) From that date, they had 120 days to serve the District properly and to file proof of that service with the Court. Fed. R. Civ. P. 4(m). One month prior to the service deadline, the Court entered an Order, as it does in every case involving one or more *pro se* litigants, advising the Thomases of the February 24, 2016, deadline for service, and warning them

that "this action shall be dismissed without further notice" unless, before that deadline, Plaintiffs served Defendant with the Summons and Complaint and filed with the Clerk of Court proof of that service. (Doc. 5.) The law contemplates, and the Court expects, that all parties shall become familiar with the rules governing the matters brought in this Court, and shall comply with them to ensure fairness to all parties and efficient management of cases. This requirement, and this expectation, apply to *pro se* litigants just as they do to represented parties. The Court gives this warning to *pro se* litigants at the outset of the case to put them on notice of their obligations under the law and rules. Nonetheless, February 24, 2016, came and went, and the Thomases had neither served the District nor provided the Court with proof of same. As it had warned in its January 25, 2016 Order (Doc. 5), the Court thereafter dismissed this matter without prejudice on October 26, 2016. (Doc. 6.)

On March 8, 2016, the Thomases moved to reopen the matter, arguing that they had good cause for their failure to serve Defendant by the February 24, 2016 deadline, and representing they had, as of March 1, 2016, effected proper service of the District. (Doc. 7.) Attached to the Thomases' Motion was a purported Proof of Service wherein the process server declared under penalty of perjury that she had served Ms. Christina Mireles, President of the Roosevelt School District 66. (Doc. 7.)

Based on the Thomases' explanation that their previous process server—Law Girls—had failed to effect service prior to the February 24 deadline, and had never notified them of this failure, the Court concluded that the Thomases had satisfied the standard of excusable neglect. Completing its analysis, the Court found that, because only a week had elapsed between expiration of the service deadline and the execution of purportedly proper service, the neglect was minimal and the District was not prejudiced by the short delay. (Doc. 8 at 2.) The Court therefore exercised its discretion to reopen the case, but

> warn[ed] Plaintiffs that, although they are proceeding *pro se*,
> they must still comply with the Federal Rules of Civil

- 2 -

Procedure, the Court's Local Rules, and any Court Order for all filings and appearances in the future.

(Doc. 8 at 2.)

It is now clear that the Thomases did not in fact make proper service on the District, either as of March 1, 2016, or at any time thereafter. The Federal Rules of Civil Procedure provide that

> [a] state, a municipal corporation, or any other state-created governmental organization that is subject to suit must be served by . . . (A) delivering a copy of the summons and the complaint to its chief executive officer; or (B) serving a copy of each in the manner prescribed by that state's law for serving a summons or like process on such a defendant.

Fed. R. Civ. P. 4(j)(2). In their second attempt at service, the Thomases served Ms. Mireles as president of the District, but under Arizona law, she is not the District's chief executive officer for purposes of service of summons and complaint. The District correctly points out in its Motion to Dismiss, and the Thomases do not dispute, that the chief executive officer of a school district is the entire governing board, *Batty v. Glendale Union High Sch. Dist.*, 212 P.3d 930, 932–34 (Ariz. Ct. App. 2009), and thus to effect service under Rule 4(j)(2)(A), the Thomases must serve every member of the District's board.[1] Indeed, the Supreme Court of Arizona made clear that when a party seeks to serve a multi-member board of directors of a state's governmental subdivision, service of one member of such a board is inadequate. *Falcon ex rel. Sandoval v. Maricopa Cnty.*, 144 P.3d 1254, 1257 (Ariz. 2006). The chief executive officer of such an entity is the entire board. The Arizona Court of Appeals applied that more generalized holding

---

[1] Alternatively, the Thomases could have effected service on the District through a single person pursuant to Rule 4(j)(2)(B), as Arizona State law allows service on a governmental subdivision by serving the "secretary, clerk or recording officer thereof," in addition to the chief executive officer. Ariz. R. Civ. P. 4.1(i). No party asserts this was done or attempted.

- 3 -

1 specifically to conclude that the chief executive officer of a school district was the entire district board. *See Batty*, 212 P.3d at 932–34.

The Thomases thus have not effected service of the District in this matter. They do not dispute this. Rather, they ask the Court to give them another chance to effect proper service. To do so, the Court would have to find excusable neglect yet again. This the Court will not do. The Thomases were on notice of their responsibility to be aware of the legal requirements for service when their first process server failed to effect service at all, and so advised them after the service deadline. When the Court thereafter reopened the case, it warned the Thomases yet again of their responsibility to ensure compliance with all requirements, rules, orders, deadlines and law. Five months have passed since the case was reopened. Nearly four months have passed since the District raised in its Motion to Dismiss the infirmity in the Thomases' service, which the Thomases do not dispute. And two and a half months have passed since the Thomases filed their Motion to Extend Time of Service to rectify this defect. Yet the Thomases have taken no action to so rectify the service error. The delay does not constitute good faith or excusable neglect. And the passing of time has resulted in an ever-increasing amount of prejudice to the District, which at some point has the right to rely on enforcement of the rules and to repose in a matter. In essence, the Thomases are asking the Court to conclude that their performance thus far was "close enough," and give them an opportunity yet again. This is precisely what the Court has warned Plaintiffs—twice now—it would not do. On this basis among others as set forth below, the Court will grant the District's Motion to Dismiss. *See Petrucelli v. Bohringer and Ratzinger*, 46 F.3d 1298, 1305 (9th Cir. 1995). For the same reason, the Court will deny the Thomases' Motion to Extend Time of Service.

**II.    Motion to Dismiss Based on Federal Rule of Civil Procedure 12(b)(6) and Untimeliness**

Ms. Thomas received her notice of right to sue the District on her age discrimination claims by letter dated December 17, 2013. (Mot., Ex. C.)[2] She alleged in

---

[2] The Court takes judicial notice of this letter as a record of an administrative body. *United States v. 14.02 Acres of Land More or Less in Fresno Cnty.*, 547 F.3d 943,

- 4 -

her 2014 Complaint that she received that letter December 18, 2013. (Mot., Ex. B ¶ 9.) She had 90 days thereafter, or until March 16, 2014, to file any action asserting her age discrimination claims. The EEOC letter expressly advised her of that fact. She did not file the instant Complaint until October 26, 2015. (Doc. 1.) That is over 19 months too late for her age discrimination claims. The Court thus will dismiss her age discrimination claims.

The Thomases attempt to save their Complaint by seeking leave to amend it. (Doc. 11.) Their Motion presents the Thomases' justification for the amendment as seeking to "correct typographical errors and omissions in the initial Complaint." (Doc. 11 at 2.) But the proposed Amended Complaint does far more than that. It adds claims of racial discrimination which were nowhere found in the original pleading.

The Thomases' claims based on race-based discrimination, as set forth in the proposed Amended Complaint, are the subject of a different notice of right to sue issued by the EEOC on July 21, 2015, and which the Thomases allege Ms. Thomas received on July 28, 2015. (Doc. 11 at 7.) Based on that allegation, Ms. Thomas would have had until October 26, 2015 at the latest to file her claims based on racial discrimination. Thus, if the Thomases receive the benefit of the filing date of the original Complaint in this matter—October 26, 2015, their racial discrimination claims would be timely filed, but if they do not receive the benefit of the original filing date, the claims would be untimely. The Thomases therefore seek to amend the original Complaint under the theory that the racial discrimination claims "relate back" to the original pleading date of October 26, 2015. *See* Fed. R. Civ. P. 15(c)(1).

The Thomases' theory fails. The racial discrimination claims, as the District points out, are entirely new and supported by different facts, none of which appeared in the October 2015 Complaint. The claims therefore do not relate back:

> Rule 15(c)(1)(B) provides: An amendment to a pleading relates back to the date of the original pleading when . . . the

---

955 (9th Cir. 2008).

- 5 -

> amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading . . . . Claims arise out of the same conduct, transaction, or occurrence if they share a common core of operative facts such that the plaintiff will rely on the same evidence to prove each claim.

*Williams v. Boeing*, 517 F.3d 1120, 1133 (9th Cir. 2008) (internal citations and quotations omitted). The Thomases would not rely on the same evidence or operative facts to prove the racial discrimination claims as they would to prove the now-dismissed age discrimination claims. For this reason, even if the Thomases could cure the failure to properly and timely serve the District in this matter, they fail to state a claim upon which relief can be granted, and the Court must dismiss the case. For the same reason, it will deny the Thomases' Motion to Amend the Complaint.

The District argues several other bases for dismissal of the Complaint. Having concluded to dismiss the matter on the above issues, it need not address the alternative bases at this time.

IT IS THEREFORE ORDERED granting Defendant's Motion to Dismiss for Failure to State a Claim (Doc. 9).

IT IS FURTHER ORDERED denying Plaintiffs' Motion for Leave to Amend (Doc. 11) and their Motion for Extension of Time for Service (Doc. 13).

IT IS FURTHER ORDERED directing the Clerk of the Court to close this case.

Dated this 28th day of July, 2016.

_____
Honorable John J. Tuchi
United States District Judge